**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**LEE YATES, #91978**                                                           **PETITIONER**

**VERSUS**                                **CIVIL ACTION NO. 5:09-cv-73-DCB-MTP**

**RON KING**                                                               **RESPONDENT**

<u>MEMORANDUM OPINION
DISMISSING THE PETITIONER'S COMPLAINT</u>

The Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 on May 1, 2009. On May 21, 2009, an order [3] was entered directing Petitioner to file a completed application for leave to proceed *in forma pauperis* or pay the $5.00 filing fee, on or before June 4, 2009. The Petitioner was warned in this Court's order of May 21, 2009, that failure to timely comply with the requirements of the order may lead to the dismissal of his petition. Petitioner failed to comply with this order.

On July 21, 2009, this Court entered an order [4] directing Petitioner to show cause why this cause should not be dismissed for Petitioner's failure to comply with the May 21, 2009 order [3], on or before August 5, 2009. Petitioner was also directed to comply with the May 21, 2009 order [3] by filing a completed application for leave to proceed *in forma pauperis* or pay the $5.00 filing fee, on or before August 5, 2009. The Petitioner was warned that failure to timely comply with the requirements of the order may result in this cause being dismissed. Petitioner failed to comply with this order.

Since Petitioner is incarcerated and proceeding *pro se*, he was allowed, by an order [5] entered September 14, 2009, one final opportunity to comply with the Court's orders [3 & 4]. The Petitioner was directed to comply with the May 21, 2009 order [3] on or before September 29,

2009. Petitioner failed to comply with this order [5].

Plaintiff has failed to comply with three Court orders and has not contacted this Court since May 1, 2009. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte. See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Respondent has not been called on to respond to Petitioner's pleading, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED this the 30th day of October, 2009.

s/David Bramlette
UNITED STATES DISTRICT JUDGE